UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZAHRA SHOKRI VARNIAB, et al.,

Plaintiffs,

v.

JOSEPH B. EDLOW, et al.,

Defendants.

Case No. 25-cv-10602-SVK

**ORDER FOR EXPEDITED PRODUCTION OF ADMINISTRATIVE RECORD**

Re: Dkt. No. 11

In this action, Plaintiffs Zahra Shokri Varniab and Ashkan Pourabhari Langroudi have moved for a preliminary injunction requiring the government Defendants to process Plaintiffs' pending Form I-765 (Application for Employment Authorization) and Form I-485 (Application to Register Permanent Residence or Adjust Status) applications without further delay.  Dkt. 9. Plaintiffs have also moved for expedited discovery, specifically for the production of the Administrative Record ("AR") relating to USCIS Policy Memorandum (PM-602-0192; hereinafter, the "'192 Policy Memo") pursuant to which Plaintiffs' applications have been put on hold.  Dkt. 11.  The motion for expedited discovery has been thoroughly briefed, and the Court determines that it can rule on the motion without oral argument.  Civ. L.R. 7-1(b).  Dkt. 18, 19.

Having considered the relevant law and the arguments of counsel, the Court **GRANTS** Plaintiffs' request for expedited production of the AR for the '192 Policy Memo for the reasons stated herein.  In their Motion for Preliminary Injunction, Plaintiffs raise numerous challenges to the '192 Policy Memo, several of which address the lawfulness of the policy.  Dkt. 9.  The Court cannot fully address these issues without considering the AR.  Indeed, in any action filed in this Court for review of an administrative record, the defendant is *required* to serve and file the administrative record within 90 days of receipt of the complaint.  Civ. L.R. 16-5.  The only question is whether expedited production of the AR is warranted in this case.

United States District Court
Northern District of California

Relevant considerations weigh in favor of requiring Defendants to produce the AR sufficiently in advance of the February 10, 2026 preliminary injunction hearing to allow the Court and the Parties to evaluate the AR as it bears on the preliminary injunction factors.  First and foremost is the very fact that Plaintiffs are seeking a preliminary injunction, which will require the Court to evaluate their likelihood of success on the merits of their claims, including their claims under the Administrative Procedure Act.  *See generally Winter v. National Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (plaintiff's likelihood of success is one factor considered in deciding a motion for preliminary injunction).  "Generally, judicial review of agency action is limited to review of the record on which the administrative decision was based."  *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).  "To permit the Court to review the agency's reasons for acting, the agency must produce an administrative record, which consists of 'all documents and materials directly or indirectly considered by agency decisionmakers' at the time of the decision."  *National Urban League v. Ross*, No. 20-CV-05799-LHK, 2020 WL 5441356, at *12 (N.D. Cal. 2020) (quoting *Thompson*, 885 F.3d at 555).  Accordingly, it is appropriate to require the government to produce an AR in advance of the Court's consideration of a motion for preliminary injunction.  *See National Urban League*, 2020 WL 5441356, at *13.

Moreover, Plaintiffs' request for expedited production of the AR in this case is focused and narrow.  Defendants overstate the scope of what Plaintiffs seek when they argue that Plaintiffs should not be permitted to seek "broad discovery outside the administrative record."  Dkt. 18 at 4-5.  Plaintiffs presently seek the AR, not discovery beyond the AR.  *See* Dkt. 11 at 9 (requesting "an order mandating Defendants' production of the Administrative Record").  The Court notes, however, that Plaintiffs' request is broader than what Defendants attempt to limit them to:  an AR "limited to Plaintiffs' Benefit Requests."  Dkt. 18 at 7.  In light of the nature of the claims Plaintiffs make in this case, Plaintiffs seek and are entitled to the AR relating to '192 Policy Memo, not just an AR regarding their individual immigration applications.

Finally, Defendants have not shown that expedited production of the AR would be unduly burdensome.  They remark that Plaintiffs "do not identify specific files, documents, or other materials they need from Defendants."  Dkt. 18 at 8.  However, it is Defendants who enacted the

'192 Policy Memo and who are in a position to identify and collect "all documents and materials directly or indirectly considered by agency decisionmakers" at the time of the decision as required to compile the AR. *Thompson*, 885 F.3d at 555. Defendants have offered no reason why they cannot do so on an expedited basis.

Accordingly, Plaintiffs' motion is **GRANTED**. To facilitate preparation by the Court and the Parties for the February 10, 2026 hearing on Plaintiffs' motion for preliminary injunction, Defendants must file and serve the administrative record for the '192 Policy Memo by **February 3, 2026.**

**SO ORDERED.**

Dated: January 21, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3