UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZAHRA SHOKRI VARNIAB, et al.,

           Plaintiffs,

      v.

JOSEPH B. EDLOW, et al.,

           Defendants.

Case No.  25-cv-10602-SVK

**ORDER REGARDING DEFENDANTS' CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION**

The Court requires clarification of Defendant Hannah Lam's and Defendant Carrie M. Selby's consents to magistrate judge jurisdiction.  28 U.S.C. § 636(c)(1) authorizes a magistrate judge, "[u]pon the consent of the parties," to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."

All Parties named in the original Complaint and the First Amended Complaint in this action have consented to magistrate judge jurisdiction. *See* Dkt. 6 (Plaintiffs' consent); Dkt. 16 (original Defendants' consent)).

After the Court issued a preliminary injunction, Plaintiffs filed a Second Amended Complaint ("SAC") on March 30, 2026.  Dkt. 49.  The SAC added new defendants:  Hannah Lam, Carrie M. Selby, and Jane Does 1-10.  Dkt. 49.  The new Defendants (Lam, Selby, and the Doe Defendants) are sued in both their official and personal capacities.  *Id.* ¶¶ 6-8.  On April 7, 2026, counsel for Defendants filed a document stating:

> Defendants Hannah Lam, in her official[1] capacity as Field Office Director of San Jose Field Office, and Carrie M. Selby, in her official capacity as the Acting Associate Director of Service Center Operations, hereby voluntarily consent to have a United States

Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Dkt. 55. The footnote states that "[u]ndersigned counsel does not represent Defendants Lam or Selby in their individual capacities." *Id.*

The consents of Defendants Lam and Selby to magistrate judge jurisdiction are ambiguous. While the statement regarding "all further proceedings in the case" is sweeping, the reference to "official capacity" appears to be limiting. 28 U.S.C. § 636(c)(1) requires "the consent of the parties" and does not allow for consent of a party only in a particular capacity. Accordingly, the qualified consent filed on behalf of Defendants Lam and Selby at Dkt. 55, by which those Defendants purport to consent to a magistrate judge only in their "official capacities," does not suffice.

In light of the foregoing, the Court **ORDERS** as follows:

1.  Defendants Lam and Selby shall have until **May 6, 2026** to file either an unconditional consent to magistrate judge jurisdiction or a declination of magistrate judge jurisdiction. If they do not file an unconditional consent to magistrate judge jurisdiction by the deadline, the Court will order this case reassigned to a District Judge.

2.  Any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences.

**SO ORDERED.**

Dated: April 29, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

2