UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ZAHRA SHOKRI VARNIAB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH B. EDLOW, et al.,<br><br>Defendants. | Case No.  25-cv-10602-SVK<br><br>**ORDER FOLLOWING JUNE 18, 2026 PRELIMINARY INJUNCTION HEARING** |

In the Court's Order dated June 12, 2026, the Court issued a temporary restraining order and ordered Defendants (the "Government") to show cause why a preliminary injunction should not issue.  Dkt. 83 (the "TRO").  The TRO set a June 16, 2026 deadline for the Government to respond to the order to show cause and a June 18, 2026 hearing on whether a preliminary injunction should issue.  *Id.*

The Government filed a timely response to the OSC (Dkt. 86), and both sides appeared at the June 18, 2026 hearing (*see* Dkt. 87).  At the hearing, the Court heard argument and issued orders as follows:

**Subject Matter Jurisdiction:**  At the hearing, the Court heard argument on the Government's position that the Court does not have subject matter jurisdiction.  For the reasons discussed in the TRO and on the record at the hearing, the Court finds that it has subject matter jurisdiction over Plaintiffs' first and second (constitutional claims) and fourth and fifth (writ of mandamus/All Writs Act) causes of action.  In the Second Amended Complaint, Plaintiffs make colorable constitutional claims regarding the procedures by which USCIS decided their Form I-485 and Form I-765 applications.  As further discussed in the TRO, the Ninth Circuit has held that district courts have subject matter jurisdiction over such claims.  *Chairez v. Mayorkas*, 168 F.4th 1227, 1237 (9th Cir. 2026); *Poursina v. USCIS*, 936 F.3d 868, 876 (9th Cir. 2019).

**TRO Status:**  At the hearing, the Government reported that in response to the TRO, USCIS has reopened both Plaintiffs' Form I-485 applications and those applications are now pending.  USCIS has also granted both Plaintiffs' Form I-765 applications and issued Employment

United States District Court
Northern District of California

Authorization Documents ("EADs") to both Plaintiffs that expire in December 2027.  Plaintiffs' counsel acknowledged that both Plaintiffs have received these EADs and that the EAD issued to Plaintiff Varniab is sufficient to enable her to commence her medical residency on June 22, 2026. Recent developments regarding the USCIS adjudication hold policies that were the impetus for this litigation, including the decision of the United States District Court for the District of Rhode Island in *Dorcas v. USCIS* vacating and setting aside those policies, were also discussed.  In light of these developments and the Government's representations at the hearing that the EADs issued to Plaintiffs will not expire before December 2027 and that Plaintiffs' Form I-485 applications have been reopened and are pending, the Court **ORDERS** that the TRO is **DISSOLVED**.

**Further proceedings:**  As discussed with and agreed by the Parties at the hearing, the Parties will meet and confer about next steps in this litigation and appear by videoconference at a status conference on **July 21, 2026 at 10:00 a.m.**  The Parties shall file a Joint Status Report by **July 17, 2026 at 12 p.m. (noon) Pacific Daylight Time.**  If either side takes the position that this litigation should proceed, the Joint Status Report shall include a joint proposal, or if necessary separate proposals, for a case schedule (including a deadline for Plaintiffs to file an amended complaint in response to the Court's dismissal of certain claims in the SAC with leave to amend (*see* Dkt. 83)), a discovery plan, and the Parties' positions on whether a preliminary injunction is necessary during the pendency of the case.  The Parties may agree to modest extensions of the July 17 and 21 deadlines without further leave of Court.

**SO ORDERED.**

Dated: June 18, 2026

SUSAN VAN KEULEN
United States Magistrate Judge